UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GORDON ALEXANDER CLARK,
    *Plaintiff-Appellant*

v.

SANTANDER BANK, N.A,
    *Defendant-Appellee.*

No. 3:24-cv-26 (VAB)

**RULING AND ORDER ON BANKRUPTCY APPEAL**

Gordon Alexander Clark ("Appellant") brings this appeal, *pro se*, from the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") (Tancredi, J.) of the Bankruptcy Court's orders granting Santander Bank, N.A.'s ("Santander" or "Appellee") motion for relief from automatic stay, dismissing of his Chapter 13 Bankruptcy case and related motions in that case, and denying his request for certification of direct appeal to the Second Circuit and his motion for recusal.

For the reasons below, the Bankruptcy Court's decision is **AFFIRMED**.

The Bankruptcy Court properly granted Santander relief from automatic stay, dismissed Mr. Clark's Chapter 13 Bankruptcy case, and denied leave for certification and his motion for recusal.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural history of this case. *See* Order Affirming Bankruptcy Court's Dismissal of Adversary Complaint and Denial of Request for Leave for Certification and Motion for Recusal, *Clark v. Santander Bank, N.A. et. al.*, No. 3:24-cv-00055 (VAB), 2024 WL 5186862 (D. Conn. Dec. 20, 2024), ECF No. 30 ("Adversary Proceeding Order").

### A. State Foreclosure Proceedings

On November 22, 2019, Santander initiated foreclosure proceedings on 70 Elm Street, Enfield, Connecticut (the "70 Elm Street") for a mortgage executed by Mr. Clark's late wife, Lillian J. Clark. *Santander Bank, N.A. v. Clark*, Judicial District of Hartford, No. HHD-CV-19-6120472-S, Complaint (Conn. Super. Ct. Nov. 22, 2019). Mr. Clark's wife allegedly bequeathed the home to him. Appellant's Br., ECF No. 26[1] at 19 (D. Conn. Mar. 9, 2024) ("Appellant's Brief").

On May 19, 2023, the Superior Court entered judgment for Santander. *Santander Bank, N.A. v. Clark*, Judicial District of Hartford, No. HHD-CV-19-6120472-S (Conn. Super. Ct. Nov. 22, 2019), ECF No. 292 ("State Foreclosure Action").

Mr. Clark's subsequent appeals of the State Foreclosure Action, *Santander Bank, N.A. v. Clark*, No. AC 45927 (Conn. App. Ct. Jan. 5, 2023) and *Santander Bank, N.A. v. Clark*, No. AC 46473 (Conn. App. Ct. July 19, 2023), were denied, and his petition for certification to the Connecticut Supreme Court likewise was denied. *Santander Bank, N.A. v. Clark*, No. SC 230179 (Conn. Feb. 20, 2024).

On January 13, 2025, Mr. Clark's petition for writ of certiorari to the United States Supreme Court was denied. *Gordon Alexander Clark v. Santander Bank, N.A.*, No. 24-459.

### B. Bankruptcy Court Proceedings

On August 15, 2023, Mr. Clark filed for Chapter 13 Bankruptcy. *Clark v. Santander Bank, N.A. et al*, Bankruptcy Petition No. 23-20642, ECF No. 1 (Bankr. D. Conn. Aug. 15, 2023).

On August 29, 2023, Mr. Clark filed his Chapter 13 Plan. *Id.*, ECF No. 13.

---

[1] Unless otherwise indicated, ECF filing numbers shall refer to documents docketed in federal district court in this case.

2

On October 17, 2023, Santander filed a motion for relief from automatic stay as to 70 Elm Street. *Id.*, ECF No. 22.

On October 31, 2023, Mr. Clark filed an objection to the motion for relief from automatic stay. *Id.*, ECF No. 19.

On November 15, 2023, Roberta Napolitano, Chapter 13 Trustee ("Trustee"), filed an objection to the confirmation of Mr. Clark's Chapter 13 Plan and requested that confirmation of the plan be denied because (1) Mr. Clark has failed to maintain plan payments, (2) Mr. Clark failed to provide the Trustee with necessary documents, (3) the Plan does not conform to the claims filed, (4) the Plan lacks an order of payments, (5) it fails to comply with 11 U.S.C. § 1325(a)(4), (6) it includes a non-standard provision providing that Plan will not be confirmed until Mr. Clark's adversary complaint is fully adjudicated through a jury trial, and (7) the Plan is not feasible under Section 1325(a)(6) of the Bankruptcy Code. *Id.*, ECF No. 26.

On December 15, 2023, Mr. Clark filed a motion for default judgment against Santander, arguing that Santander missed the deadlines to file a proof of claim, challenge dischargeability, and object to his Chapter 13 Plan. *Id.*, ECF No. 34. That same day, he filed another motion opposing claims for monetary payments that Santander allegedly requested from Mr. Clark on August 23, 2023 and September 8, 2023. *Id.*, ECF No. 35.

On December 19, 2023, Mr. Clark filed an Amended Chapter 13 Plan, *id.*, ECF No. 38, as well as an amended motion opposing the same two alleged monetary payments requested by Santander. *Id.*, ECF No. 40 ("Objection to Proofs of Claims 1 and 3")

On December 20, 2023, the Trustee filed an objection to Mr. Clark's Amended Chapter 13 Plan, raising the same issues in her previous objection.

On December 21, 2023, U.S. Bankruptcy Judge James J. Tancredi held a hearing on Santander's motion for relief from automatic stay and Mr. Clark's Chapter 13 Plan. *See id.*, ECF No. 42. On that same date, the Bankruptcy Court granted interim relief from the automatic stay to Santander so that Santander could respond to Mr. Clark's petition and writ of mandamus to the Connecticut Supreme Court. *Id.*, ECF No. 38; *see also* Transcript, *Id.*, ECF No. 83 ("12/21/23 Tr.")

On December 26, 2023, Mr. Clark filed an objection and emergency motion to reconsider the Court's interim order. *Id.*, ECF No. 45. The same day, Mr. Clark filed a second motion for default judgment, raising the arguments in his previous motion and additionally arguing that Santander "fail[ed] to state a claim upon which relief can be granted" and "lack[ed] standing in this matter." *Id.*, ECF No. 46.

On December 27, 2023, the Bankruptcy Court denied both motions for default judgment. *Id.*, ECF Nos. 47 and 48.

On December 29, 2023, Santander filed an opposition to Mr. Clark's objection to and emergency motion to reconsider the Court's interim order granting relief from automatic stay. *Id.*, ECF No. 51.

On January 2, 2024, Mr. Clark filed a reply, *id.*, ECF No. 52, and an amended objection to the Bankruptcy Court's interim order. *Id.*, ECF No. 53.

On January 3, 2024, the Bankruptcy Court overruled Mr. Clark's objection and denied his motion to reconsider, noting that Mr. Clark's arguments for default "are procedurally improper and irrelevant to the Interim Order" and that "at the December 21, 2023 hearing, the Debtor indicated his preference for the Court to grant interim stay relief consistent with the Interim Order as opposed to fully granting stay relief to Santander." *Id.*, ECF No. 54.

4

On January 11, 2024, the Bankruptcy Court issued a Memorandum of Decision granting Santander relief from automatic stay regarding 70 Elm Street, and noted that "the proper place to litigate Santander's right to payment and its right to foreclose is state court, especially given the procedural posture of the foreclosure action before the Connecticut Supreme Court." *Id.*, ECF No. 64 ("Order re Stay").

On January 12, 2024, the Bankruptcy Court issued an order to show cause as to why Mr. Clark's bankruptcy case should not be dismissed as a bad faith filing. *Id.*, ECF No. 67.

On January 12, 2024, Mr. Clark filed a motion to recuse Judge Tancredi and a request for certification of direct appeal to the Second Circuit in both his bankruptcy petition and his related adversary proceeding. *See Clark v. Santander Bank, N.A. et al*, Adversary Proceeding No. 23-2013, ECF No. 37 (Bankr. D. Conn. Jan. 12, 2024); *Clark v. Santander Bank, N.A. et al*, Bankruptcy Petition No. 23-20642, ECF No. 70 (Bankr. D. Conn. Jan. 12, 2024); *Clark v. Santander Bank, N.A. et al*, Adversary Proceeding No. 23-2013, ECF No. 38 (Bankr. D. Conn. Jan. 12, 2024); *Clark v. Santander Bank, N.A. et al.*, Bankruptcy Petition No. 23-20642, ECF No. 71 (Bankr. D. Conn. Jan. 12, 2024).

On January 19, 2024, Mr. Clark filed a motion to strike, in which he moved for the Bankruptcy Court to invalidate the two payments Santander allegedly requested from him referenced in his prior motions, ECF Nos. 35, 40, because Santander failed to oppose his Objection to Proofs of Claims 1 and 3. *Clark v. Santander Bank, N.A. et al*, Bankruptcy Petition No. 23-20642, ECF No. 77 (Bankr. D. Conn. Jan. 22, 2024).

On January 22, 2024, the Bankruptcy Court denied Mr. Clark's request for certification of direct appeal. *Id.*, ECF No. 80 ("Order re Appeal").

5

On January 26, 2024, Mr. Clark filed a response to the Court's order to show cause. *Id.*, ECF No. 87.

That same day both Santander and the Trustee filed responses arguing that Mr. Clark's case should be dismissed. *Id.*, ECF No. 88; *Id.*, ECF No. 89. The Trustee, arguing that "[Mr. Clark], by his own admission, filed this case for the sole purpose of thwarting a foreclosure and is incapable of funding a plan," also requested that the Bankruptcy Court bar Mr. Clark from filing another bankruptcy case for a period of two years. Trustee Resp. at 4–5. Both Santander and the Trustee also filed responses opposing Mr. Clark's motion for recusal. *Id.*, ECF No. 91, 92.

On February 1, 2024, the Bankruptcy Court held a hearing on Mr. Clark's motion for recusal and order to show cause. *See id.*, ECF No. 95, 96. Although he received notice of the hearing, *id.*, ECF No. 68, Mr. Clark failed to appear.

On February 2, 2024, the Bankruptcy Court denied Mr. Clark's motion for recusal, and found "[a]ll of Mr. Clark's complaints are with this Court's rulings and remarks on evidence in the record, none of which are rooted in favoritism or antagonism but are firmly rooted in the law, the facts, and affording deliberate consideration of the appropriate remedies." *Id.*, ECF No. 51 at 5 ("Order re Recusal"). On the same day, the Bankruptcy Court dismissed Mr. Clark's Chapter 13 case. *Id.*, ECF No. 99 ("Order Dismissing Bankruptcy Case").

On February 6, 2024, the Bankruptcy Court denied Mr. Clark's Objection to Proofs of Claims 1 and 3 and Motion to Strike as moot in light of the dismissal of his Chapter 13 case.

### C. District Court Appeal

While Mr. Clark originally filed an appeal of the Bankruptcy Court's Order granting interim relief from automatic stay on January 8, 2024, he submitted three amended appeals on

January 16, 2024, February 5, 2024, and February 12, 2024 challenging the following Bankruptcy Court orders: (1) the order granting Santander's motion from relief from automatic stay, (2) orders dismissing his Chapter 13 Plan, (3) the order denying as moot his Objection to Proofs of Claims 1 and 3 and Motion to Strike, (4) the order denying his request for certification, and (5) the order denying his motion for recusal. *See* ECF Nos. 1, 7, 13, 18.

On March 9, 2024, Mr. Clark submitted his brief. Appellant's Br.

On April 5, 2024, Santander submitted its brief. Appellee's Brief, ECF No. 21 (Apr. 5, 2024) ("Appellee Br."). On that same date, Trustee Ms. Napolitano filed a notice of non-participation. Notice by Roberta Napolitano of Non-Participation, ECF No. 28 (Apr. 5, 2024).

## II.  STANDARD OF REVIEW

A district court has jurisdiction to review final judgments, orders, and decrees made by the bankruptcy courts. 28 U.S.C. § 158(a)(1). "[I]n bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns*, 691 F.3d 476, 482–83 (2d Cir. 2012); *see also Papadopoulos v. Gazes*, No. 14-CIV-3713 (KPF), 2014 WL 3928940, at *4 (S.D.N.Y. Aug. 12, 2014) ("In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo." (internal quotation marks omitted)). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Guadalupe*, 365 B.R. 17, 19 (Bankr. D. Conn. 2007) (internal quotation marks omitted).

A court must liberally construe any *pro se* filing to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)

(explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017). *Pro se* litigants also are "required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (Bankr. S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

## III.   DISCUSSION

Mr. Clark appeals the Bankruptcy Court's granting Santander relief from automatic stay, dismissal of his bankruptcy petition and his objections to certain payments Santander allegedly requested of him, denial of certification of direct appeal to the Second Circuit, and denial of his motion for recusal. Defendants argue that the Bankruptcy Court's decision on all matters should be affirmed.

The Court will address each issue in turn.

### A.  The Granting of Relief from Automatic Stay

Under 11 U.S.C. § 362(d),

> On request of a party in interest and after notice and a hearing, the court shall grant relief from [automatic] stay . . ., such as by terminating, annulling, modifying, or conditioning such stay—
>
> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;

"Cause" under § 362(d) "exists when a bankruptcy court finds that a bankruptcy filing was made in bad faith." *In re O'Hara*, No. 24-CV-00015 (VDO), 2024 WL 4315025, at *2 (D. Conn. Sept. 27, 2024) (citing *Holt v. JP Morgan Chase Bank, N.A.*, No 17-CV-07901 (NSR),

8

2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019)). "The Second Circuit has not explicitly set forth particular factors that bankruptcy courts must analyze before granting relief from the automatic stay. Rather, bankruptcy courts are advised to adopt a holistic approach, where 'the facts of each [case] will determine whether relief is appropriate under the circumstances.'" *Koutsagelos v. PII SAM, LLC*, No. 12-CV-1703 NGG, 2013 WL 2898120, at *4 (E.D.N.Y. June 13, 2013) (quoting *In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999) (alteration in original)). Courts consider several factors in determining if a filing was made in bad faith, such as whether "(1) 'the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights,' (2) multiple bankruptcy petitions filed by the debtor, and (3) a bankruptcy petition filed 'on the eve of a foreclosure.'" *In re O'Hara*, 2024 WL 4315025 at *2 (quoting *Holt.*, 2019 WL 192298, at *1).

Mr. Clark argues that the Bankruptcy Court's orders were "premature (lack of ripeness) at best, and/or without proper and lawful jurisdiction at worst" because Santander was "in default as of December 15, 2023." Appellant's Br. at 17 (emphasis removed).

In response, Santander argues that Mr. Clark "has stated in his pleadings the sole purpose for filing the bankruptcy petition was to prevent the foreclosure" of 70 Elm Street, and "[t]he Bankruptcy Court found cause existed under § 362(d)(1) to lift the stay to allow the parties to continue to litigate in the state court foreclosure action, which at the time had a petition for certification pending in the Connecticut Supreme Court." Appellee's Br. at 6–7.[2]

The Court agrees.

As an initial matter, the Bankruptcy Court properly denied Mr. Clark's motion for default judgment because this motion was procedurally improper. Setting aside the fact that Santander

---

[2] Where the internal pagination of a document conflicts with the ECF-generated pagination, this Ruling and Order refers to the ECF-generated pagination.

9

likely did not submit a proof of claim in Mr. Clark's case "because [Mr. Clark] was not a signatory to the note and mortgage underlying the state foreclosure action," Order Dismissing Bankruptcy Case at 2 n.1, a motion for an entry of default judgment is procedurally improper in a Chapter 13 bankruptcy case. Under Bankruptcy Rule 7055(b)(2), Rule 55 of the Federal Rules of Civil Procedure, which allows for an entry of default judgment, is applicable to adversary proceedings. *See* Fed. R. Bankr. P. 7055 ("Rule 55 F.R.Civ.P. applies in adversary proceedings."); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). As a result, because Rule 55 applies only in adversary proceedings, Mr. Clark may not move for default judgment in his Chapter 13 bankruptcy case.

In addition, the Bankruptcy Court properly found that cause existed to grant Santander relief from automatic stay under Section 362(d)(1) because Mr. Clark may not delay state foreclosure proceedings through filing for Chapter 13 bankruptcy. Mr. Clark filed for Bankruptcy and initiated an adversary proceeding against Santander in August 2023, only three months after the Connecticut Superior Court entered judgment for Santander in foreclosure proceedings for 70 Elm Street, and less than two weeks before the sale date for 70 Elm Street. *See* 12/21/23 Tr. at 21 ("[T]he sale date that entered was August 26, 2023. That did not occur because of the bankruptcy filing. This bankruptcy was filed just prior, . . . to the sale date."); *see also In re Misenti*, No. 17-51282 (JAM), 2018 WL 3013199, at *2 (Bankr. D. Conn. June 14, 2018) (finding that Debtor's filing "three bankruptcy petitions prior to the three scheduled foreclosure sale dates. . . demonstrate that the Debtor has engaged in a scheme to hinder, delay,

10

and defraud the Movant by continuously forestalling the foreclosure of the property in the Connecticut Superior Court.").

Moreover, as detailed in the procedural history above and in the Court's prior ruling, Mr. Clark has filed several lawsuits challenging the state foreclosure proceedings with similar briefs and arguments to those filed in Bankruptcy Court. *See* Adversary Proceeding Order at 2–3 (discussing Mr. Clark's filing of two district court appeals related to the State Foreclosure Action, and an adversary proceeding in Bankruptcy Court alleging that Santander was "attempting to steal [his] beloved wife's (Lillian Clark's/Mrs. Clark's) home of 65 years, through financial fraud and abuse of process.").

As the Bankruptcy Court noted "[i]n short, [Mr. Clark] is using this bankruptcy case to thwart Santander's efforts to foreclose on the Property because he believes that Santander is trying to steal the Property and that he was denied his constitutional right to a jury trial in the foreclosure proceedings pending in the Superior Court," and thus cause exists to grant Santander relief from automatic stay. Order re Stay at 2 n.3; *see also In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code."); *Holt*, 2019 WL 192298, at *2 (finding "the record is replete with evidence of Appellant's bad faith and scheme to delay the underlying Connecticut state court foreclosure litigation" where Appellant, among other things filed "multiple bankruptcy filings, frivolous notices of removal, numerous actions relating to the underlying debt, and multiple adversary complaints filed in the instant bankruptcy."); *In re Cameron*, No. 3:18-CV-01165 (JCH), 2019 WL 1383069, at *8 (D. Conn. Mar. 27, 2019) (finding debtors' engaged in "bad faith scheme to hinder and delay the completion of the Foreclosure Action" where, among other things, "it appears that [their]

11

bankruptcy litigation is part of a broader strategy to use legal proceedings to forestall foreclosure.").

Accordingly, because "the proper place to litigate Santander's right to payment and its right to foreclose is state court," *id.* at 2, the Bankruptcy Court properly found that cause existed to grant Santander relief from automatic stay under Section 362/(d)(1).[3] *See Koutsagelos*, 2013 WL 2898120, at *4 ("[A] finding of bad faith alone, even without the express consideration of other factors, has been deemed sufficient to grant relief from an automatic stay." (citing *Corto v. Nat'l Scenery Studios*, 1997 WL 225124, at *1 (2d Cir. 1997)).

### B. The Dismissal of Mr. Clark's Bankruptcy Case and Denial of Related Motions

"Chapter 13 allows a debtor to retain his property if he proposes, and gains court confirmation of, a plan to repay his debts over a three- to five-year period." *Harris v. Viegelahn*, 575 U.S. 510, 514 (2015) (citations omitted). To qualify for Chapter 13, the debtor must be "an individual with regular income." 11 U.S.C. § 109(e); *see also Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) ("Chapter 13 authorizes an individual with regular income to obtain a discharge after the successful completion of a payment plan approved by the bankruptcy court.").

"The fundamental purpose of the Bankruptcy Code is to afford the honest but unfortunate debtor 'a new opportunity in life with a clear field for future effort, unhampered by the pressure

---

[3] While Mr. Clark also appealed the Bankruptcy Court's order granting interim relief from automatic stay to allow Santander to respond to his mandamus action and request for certification, the Bankruptcy Court properly entered such relief for the reasons above and considering that, at the December 21, 2023 hearing, Mr. Clark expressly consented to such interim relief. 12/21/23 Tr. at 18 ("Well, I would prefer that you do the latter, which is to grant them the opportunity to respond to my petition for certification before the Supreme Court of Connecticut and my pending writ of mandamus but not go forward with a law date being set, because that, once again, would be premature. . . . I would prefer having just the Supreme Court door being open for the -- for Santander to respond but not allowing any foreclosure by sale or law date being set.").

and discouragement of preexisting debt.'" *In re Casse*, 219 B.R. 657, 660 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999) (quoting *Grogan v. Garner*, 498 U.S. 279, 286 (1991)). "On the other hand, debtors who do not file in good faith should not be afforded the benefits of the bankruptcy process." *Id.* (citing *In re Natural Land Corp.*, 825 F.2d 296, 297–98 (11th Cir.1987)). "Bankruptcy courts are charged with the responsibility of preserving the institutional integrity of the bankruptcy system by enforcing the requirement of good faith." *Id.*

Under Section 1307, the Bankruptcy Court "may dismiss a case under [Chapter 13], . . ., for cause." 11 U.S.C. § 1307(c). "Bankruptcy courts . . . routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" *Marrama*, 549 U.S. at 373. "A bankruptcy court may dismiss a bad faith filing on an interested party's motion or *sua sponte*." *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997). "A determination that a debtor has filed in bad faith is made based on the totality of the circumstances. Factors indicating bad faith include serial filing, the lack of sufficient income to reorganize, filing to resolve a two-party dispute, and filing solely to obtain the benefit of the automatic stay." *Miles v. Chase Bank*, No. 20-CV-4748 (RPK), 2022 WL 842073, at *3 (E.D.N.Y. Jan. 24, 2022) (citations omitted).

"It is well settled that filing a chapter 13 petition to save one's home is an acceptable use of the bankruptcy process so long as the petition is filed in good faith." *In re Peia*, 145 B.R. 749, 752 (Bankr. D. Conn. 1992). However, "repeated filings aimed solely at frustrating foreclosure through invocation of the automatic stay constitutes bad faith and an abuse of the bankruptcy process[.]" *Id.*; *see also In re Felberman*, 196 B.R. at 681 ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." (collecting cases)).

"A determination that a bankruptcy was filed in bad faith is a factual finding reviewed for clear error." *Sapphire Dev., LLC v. McKay*, 549 B.R. 556, 564 (D. Conn. 2016) (citation omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *New York Prof'l and Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir.2013)).

Under Section 349, "[u]nless the court, for cause, orders otherwise, the dismissal of [bankruptcy] case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title." 11 U.S.C. § 349(a). "While dismissal of a bankruptcy case is generally without prejudice, section 349(a) 'at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition.'" *In re Partch*, No. 19-51084, 2020 WL 211447, at *2 (Bankr. D. Conn. Jan. 7, 2020) (citing *In re Casse*, 219 B.R. at 662 (Bankr. E.D.N.Y. 1998)). "Thus, if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *In re Casse*, 219 B.R. at 662; *see also In re Casse*, 198 F.3d at 339 ("We take this opportunity to ally ourselves with the Fourth Circuit and the great majority of lower courts which derive from §§ 105(a) and 349(a) of the Code a bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days.").

Mr. Clark challenges the Bankruptcy Court's dismissal of his Chapter 13 case, and claims that his Amended Chapter 13 plan "provided an option for full payment in a lump sum to all valid claims." Appellant's Br. at 16 (emphasis removed).

In response, Santander claims that "[a]t the December 21, 2023 hearing, [Mr. Clark] stated his only reason for filing the bankruptcy case was to prevent the foreclosure of the

14

property." Appellee's Br. at 12. Santander claims that Mr. Clark's "schedules show no income, a fact bolstered by Debtor's admission at the December 21, 2023 hearing that he has not been employed since 2000, and the petition was not filed with the purpose of paying creditors, which Debtor stated at the same hearing he can do without bankruptcy." *Id.* at 14. As a result, Santander claims that the Bankruptcy Court properly dismissed Mr. Clark's Chapter 13 case as a bad faith filing because Mr. Clark "did not have a legitimate bankruptcy purpose for filing his petition and was only seeking to relitigate matters decided in state court and 'thwart' [Santander's] right to foreclose." *Id.* at 12

The Court agrees.

Here, the Bankruptcy Court's finding that Mr. Clark filed his Chapter 13 case in bad faith is well-supported by the evidence. As an initial matter, the evidence showed that Mr. Clark would likely be unable to make regularly scheduled payments. In its Order, the Bankruptcy Court noted that the Trustee's Objection detailed various reasons why the Plan cannot be confirmed, including that "the Plan is not feasible based upon the Debtor's income and expenses." Order Dismissing Bankruptcy Case at 2.

At the December 21, 2023 hearing, Mr. Clark also stated that he was "presently unemployed" although he would be "gainfully employed once this matter is resolved." 12/21/23 Tr. at 29; *see also id.* at 31 ("THE COURT: And what -- and when were you last employed? MR. CLARK: Well, I like to say I've been working my whole life. But employed by, you know, somebody other than myself would be probably 2000 in a family business."). He also stated that he does not currently have any income, and that he was not eligible for Social Security. *Id.* at 31. As for his assets, Mr. Clark stated that he has a car, and 70 Elm Street, although the title in 70 Elm Street was not transferred to him. *Id.* at 32–33. At the hearing, the Trustee reported that "Mr.

15

Clark has no regular income. In fact, his income, as shown on Schedules I and J, is negative." *Id.* at 37. Thus, under Section 109(e), Mr. Clark does not qualify to be a debtor under Chapter 13. 11 U.S.C. § 109(e) ("Only an individual with regular income . . . may be a debtor under chapter 13 of this title."). In addition, while Bankruptcy Court noted that Mr. Clark "proposes to pay a total of $8,328.39 over 36 months for all claims he considers valid," the filed claims in the case amounted to "$23,564.78." Order Dismissing Bankruptcy Case at 2.

Apart from these issues regarding the feasibility of his Chapter 13 Plan, Mr. Clark's own admissions support the Bankruptcy Court's finding that he filed his Chapter 13 case "for the purpose of preventing the foreclosure by sale of" 70 Elm Street as part of a "pained and redundant litigation history between the Debtor and Santander and its employees, . . . in this court, the state courts, the District Court, or the Second Circuit." *Id.* at 1–2.

At the December 21, 2023 hearing, Mr. Clark informed the Bankruptcy Court that he filed his bankruptcy case to litigate issues relating to his state foreclosure action. 12/21/23 Tr. at 35 ("THE COURT: If family and friends are available to you [to provide a lump sum payment], why do you need a bankruptcy proceeding at all? MR. CLARK: I needed it to stop the foreclosure for sale."); *id.* at 24 ("I sought bankruptcy protection, . . . because . . . Santander Bank attempted to deny me my appeals process and filed motions to remove the automatic stay that I was entitled to under my appeals to the state appellate courts.").

"Although case law is legion that filing a bankruptcy petition to forestall a foreclosure sale is a permissible use of bankruptcy, the case must be undertaken 'pursuant to a legitimate effort at reorganization.'" *In re Turner*, 207 B.R. 373, 376 (B.A.P. 2d Cir. 1997), *as amended* (Mar. 4, 1997) (quoting *In re Frenz,* 142 B.R. 611, 614 (Bankr. D. Conn. 1992)). The Bankruptcy Court, relying on Mr. Clark's own admissions that he did not seek "a legitimate

16

effort at reorganization," but instead sought to litigate state foreclosure proceedings, correctly dismissed Mr. Clark's Chapter 13 case as a bad faith finding and imposed a two-year bar on refiling. *See In re Casse*, 219 B.R. at 661 (where "[t]here was also not even the slightest indication that the Debtor possessed the financial wherewithal necessary to realistically fund a viable plan. . . [and] [h]is efforts were instead focused only upon prolonging bankruptcy protection . . .[t]he unequivocal conclusion is that the Debtor filed in bad faith merely to invoke the automatic stay and delay Key Bank's foreclosure of the Property" and dismissal of the bankruptcy petition with prejudice to refiling was warranted.); *In re Partch*, No. 19-51084, 2020 WL 211447, at *4 (Bankr. D. Conn. Jan. 7, 2020) ("In all, there is ample evidence that the Debtor has filed successive bankruptcy petitions to stay the State Court Foreclosure Action and not for any bankruptcy purpose. The Court can readily conclude that the Debtor has not demonstrated good faith by filing this Chapter 13 case, and that dismissal of this case should be with prejudice and conditioned on a two-year bar to filing.").

Accordingly, the Bankruptcy Court correctly dismissed Mr. Clark's Chapter 13 case—and properly denied as moot Mr. Clark's motions related to potential claims in that Chapter 13 case—and barred Mr. Clark from re-filing for a two-year period.

### C. The Denial of Certification of Direct Appeal and the Motion for Recusal

Finally, Mr. Clark appeals his motion for certification of direct appeal and motion for recusal, which are identical to his motions filed in his adversary proceedings that were denied and likewise appealed. Mot. to Recuse, *Clark v. Santander Bank, N.A. et al*, Adversary Proceeding No. 23-2013, ECF No. 37 (Bankr. D. Conn. Jan. 12, 2024) ("Mot. for Recusal"); Notice of Appeal, *id.*, ECF No. 38.

In response, Santander argues that, as to Mr. Clark's motion for certification of direct appeal, "despite Debtor's attempts to self-certify that all three parameters set forth in 28 U.S.C. § 158(d)(2)(A) were met, the Debtor provided no law or facts that were sufficient to establish a direct appeal was warranted under the statute" and, as to his motion for recusal, "the Bankruptcy Court found the Debtor's motion to recuse was clearly in response to unfavorable rulings that were entered by the Court the day prior granting [Santander]'s Motion for Relief from Stay and dismissing the adversary proceeding and properly denied the motion." Appellee Br. at 15, 16.

For the reasons set forth in this Court's Ruling and Order in Mr. Clark's adversary proceeding, *see* Adversary Proceeding Order at 11–14, the Court agrees.

Accordingly, the Bankruptcy Court properly denied Mr. Clark's request to certify a direct appeal and motion for recusal.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's granting Santander relief from automatic stay, dismissal Mr. Clark's Chapter 13 Bankruptcy case and related motions in that case, and denial of his request leave for certification and his motion for recusal are **AFFIRMED**, and this appeal is dismissed.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 14th day of February, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE